**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Blades, | No. CV-23-00545-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

*Pro se* Plaintiff Craig Blades ("Plaintiff") moves this Court under Federal Rule of Civil Procedure 4(c)(3) to appoint a United States Marshal to complete service of process upon the remaining two Defendants: Administrative Law Judge ("ALJ") Carla Waters and an Attorney Lisa Lawler. (Doc. 71 at 1–2).[1] The Court will deny Plaintiff's request to have a U.S. Marshal serve these Defendants but will allow Plaintiff to serve Defendants by alternative means.

**I.    Discussion**

Plaintiff states in his Motion that he has spent approximately $800.00 on skip traces[2] and process service fees to no avail. (Doc. 71 at 1). He states that ALJ Waters would not accept service at her SSA hearing office and that he has attempt to serve Ms. Lawler at her

---

[1] Plaintiff also asks the Court to direct the Marshals to verify if Ms. Christina Loggins is deceased, as SSA employees have told him. (Doc. 71 at 2). Citing no authority from which such an order is allowed, the Court will not grant this request.

[2] Skip-tracing is the "process of developing new telephone, address, job or asset information on a customer, or verifying the accuracy of such information." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1040 n.1 (9th Cir. 2012)

residence three different times to no avail. (*Id*. at 1–2). Plaintiff also asserts that he is of limited means and states that he could proceed IFP, if necessary. (*Id*. at 2). The Court also notes that Plaintiff previously asked the Court to extend his service deadline, which the Court did, and asked for guidance regarding serving these same Defendants—which the Court could not do. (Doc. 47; 49).

A plaintiff must serve all defendants that are party to an action within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Rule 4(c)(3) authorizes federal courts to order that service of process be made by a U.S. Marshal or a deputy marshal upon request by a plaintiff. Such orders are mandatory only in the instance of a plaintiff who has been authorized to proceed *In Forma Pauperis* ("IFP") under 18 U.S.C. § 1915 or who is a seaman under 28 U.S.C. § 1916. *Id*. at 4(c)(3). In all other instances, federal courts "may" issue such an order. *Id*. The Advisory Committee Notes for Rule 4 state that, before turning to Rule 4(c)(3), a plaintiff is "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshal's Service and that court orders directing service by marshal should not be issued unless they really are necessary." *Hollywood v. Carrows California Fam. Restaurants*, 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (citing 93 F.R.D. 255, 262); s*ee also* 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed.) (noting that before requesting service by a marshal, a plaintiff "should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint."). The ultimate decision of whether to order service be made by the United States Marshal's Service is left to the sound discretion of the trial court. *See Hollywood*, 2018 WL 7461690, at *1; *see also* Fed. R. Civ. P. 4(c)(3).

Plaintiff has attempted to serve the remaining defendants by private means to no avail. However, Plaintiff should first attempt alternative service under Rule 4(e)(1) before the Court directs a Marshal to serve the summons and complaint. 4A Fed. Prac. & Proc. Civ. § 1090.

Federal Rule 4(e)(1) permits service by "following state law for serving a summons

in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In turn, Arizona Rule 4.1(k) authorizes alternative means of service "within Arizona" and provides the following procedure:

> (1) [] If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are *impracticable*, the court may-on motion and without notice to the person to be served-order that service may be accomplished in another manner.
>
> (2) Notice and Mailing. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.

Ariz. R. Civ. P. 4.1(k)(1)–(2) (emphasis added). The impracticable standard "does not mean impossible, but rather that service would be extremely difficult or inconvenient. This standard requires something less than the 'due diligence' showing required before service by publication may be utilized." *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (internal citation and quotations omitted).

Here, Plaintiff has attempted service by private means and has spent approximately $800.00 attempting to serve Defendants to no avail. (Doc. 71 at 1). These facts support a finding that service has proven to be "extremely difficult or inconvenient" and merits alternative service under Arizona Rule 4.1. *See Dodev*, 433 P.3d at 558; Ariz. R. Civ. P. 4.1(k)(1). As well, from Plaintiff's Motion, it seems that the remaining Defendants who have not been served yet can be served within Arizona. (Doc. 71 at 1–2). Thus, the Court will allow Plaintiff to serve these Defendants by alternative means.

Plaintiff "must make a reasonable effort to provide the person[s] being served with actual notice of the action's commencement," therefore, he "must mail the summons, the pleading being served, and [the Court's] order authorizing an alternative means of service

to the last-known business or residential address of the person being served."[3] Ariz. R. Civ. P. 4.1(k)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 71) is **DENIED**, however, the Court will allow Plaintiff to serve the remaining Defendants by alternative means. Plaintiff shall send a copy of the Summons, Complaint, and this Order via First Class U.S. mail to the last-known business or residential address of Defendants. **Plaintiff shall effectuate service and file a notice of service with the Court no later than April 12, 2024.**

Dated this 26th day of March, 2024.

Honorable Diane J. Humetewa
United States District Judge

---

[3] To comport with constitutional notions of due process "service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)).